862 F.2d 1165
 24 Soc.Sec.Rep.Ser. 55, Unempl.Ins.Rep. CCH 14448A
Vanessa SMITH on Behalf of Chad Christopher SISK, a child,
Plaintiff-Appellant,
v.
Otis R. BOWEN, M.D., Secretary of Health and Human Services,
Defendant- Appellee.
 No. 87-6263.
 United States Court of Appeals,
Fifth Circuit.
 Jan. 10, 1989.
 
 Nancy B. Amick, James M. McCarthy, North Central Texas Legal Aid Foundation, Inc., McKinney, Tex., for plaintiff-appellant.
 Marguerite Lokey, Dept. of Health and Human Services, Dallas, Tex., Steven M. Mason, Bob Wortham, U.S. Atty., William J. Cornelius, Jr., First Asst. U.S. Atty., Tyler, Tex., for defendant-appellee.
 Appeal from the United States District Court for the Eastern District of Texas.
 Before GOLDBERG, HIGGINBOTHAM and DAVIS, Circuit Judges.
 W. EUGENE DAVIS, Circuit Judge:
 
 
 1
 Appellant, on behalf of her minor son, appeals the Secretary's denial of Social Security survivor's benefits. For the reasons that follow, we reverse the Secretary's determination and conclude that appellant was entitled to survivor's benefits.I.
 
 
 2
 Gary Glenn Sisk, a wage earner, died on June 17, 1981. On July 1, 1981, appellant, Vanessa Smith, filed an application for surviving child's insurance benefits on behalf of her son, Chad. Appellant sought benefits on two theories. First, under 42 U.S.C.A. Sec. 416(h)(3)(C)(ii), appellant asserted that Chad was eligible for benefits because the insured wage earner, Gary Sisk, was the father of Chad, who was contributing to Chad's support at the time he died. Second, under Sec. 416(h)(2)(A), appellant asserted that Chad was eligible for benefits because he was entitled to inherit from Sisk according to the laws of Texas, the state in which Sisk was domiciled at the time of his death.
 
 
 3
 Following a hearing before an Administrative Law Judge, appellant's application for benefits was denied by the Secretary and this determination was upheld by the district court. The court concluded that the ALJ correctly determined that Chad could not inherit from the wage earner under Texas intestacy laws and that substantial evidence supported the ALJ's finding that Sisk was not making regular, periodic contributions to the support of Chad.
 
 
 4
 Appellant contends on appeal that the district court erred on both points; we conclude that Chad is eligible to inherit from Sisk under the Texas intestacy provisions and therefore find it unnecessary to consider appellant's alternate theory of recovery.
 
 II.
 
 5
 According to Sec. 416(h)(2)(A), a minor is entitled to survivor's benefits if he establishes that he would be an intestate taker of the decedent wage earner's personal property under the laws of the state where the wage earner was domiciled at the time of his death.
 
 
 6
 When appellant filed the application for benefits, Sec. 42(b) of the Texas Probate Code allowed a child to inherit an intestate share from his father where: (1) the child was born or conceived before or during the marriage of his father and mother; or (2) was legitimated by court decree as provided by Chapter 13 of the Texas Family Code; or (3) the father executed a statement of paternity as provided by Sec. 13.22 of the family code. See Tex.Prob.Code Ann. Sec. 42(b) (Vernon 1980). In 1987, the Texas Probate Code was amended to permit an illegitimate child to inherit from his father by showing paternity by "clear and convincing evidence." Tex.Prob.Code Ann. Sec. 42(b) (Vernon Supp.1989). Appellant first urges that the 1987 amendment should apply and that Chad established his paternity before the ALJ by "clear and convincing" evidence. Thus, we must first decide whether to apply the Texas Probate Code as amended in 1987 or the version in effect when the appellant applied for benefits in 1981.[1]
 
 
 7
 We are bound by Cox v. Schweiker, 684 F.2d 310 (5th Cir.1982), to apply the law in effect at the time Chad applied for benefits.[2] In Cox, the application for benefits was filed in 1977 before the Georgia legislature amended its statutes in 1980 to enhance the inheritance rights of illegitimate children. We determined that the statute in force at the time the claimant applied for benefits in 1977 governed her rights, rather than the amended version of that law. Likewise, we must look to the Texas law on intestate succession in force in 1981 to determine whether Chad was entitled to inherit from the wage earner Sisk.
 
 
 8
 Applying the law of Texas that was in effect at the time of appellant's application, Chad had three possible theories to establish his right to inherit from Sisk. Two of those can be quickly eliminated: Gary Sisk did not execute a statement of paternity before his death and substantial evidence supports the ALJ's finding that Sisk and Chad's mother did not form a common law marriage. Chad was therefore limited to the third option, establishing his paternity under Chapter 13 of the Texas Family Code. However, in 1981, when appellant applied for benefits, Chapter 13 required that the paternity action be filed within one year of the child's birth. Unfortunately, Chad was over two years old when his mother applied for benefits and his Chapter 13 paternity action had already prescribed. Thus, this final remedy and the only avenue Chad had to initiate an action to establish his paternity, was closed to him because of the short Texas limitations for this action.
 
 
 9
 But Chad makes one further argument. He contends that the one-year statute of limitations to seek a court declaration of his paternity was impermissibly short and therefore unconstitutional. Mills v. Habluetzel, 456 U.S. 91, 102 S.Ct. 1549, 71 L.Ed.2d 770 (1982) supports Chad's argument. In Mills, the mother of an illegitimate child brought a paternity suit against the child's alleged father to obtain child support. The Texas court dismissed the action because the suit to establish paternity--the first step in establishing a right to support payments--was not filed within one year of the child's birth. But the United States Supreme Court determined that one year was not long enough to give a reasonable opportunity for those with an interest in the children to assert claims on their behalf. Id. at 100-02, 102 S.Ct. at 1555-56, 71 L.Ed.2d at 778-79. The Court concluded that the one-year period for establishing paternity was unconstitutional because it denied illegitimate children in Texas equal protection of the law.[3]
 
 
 10
 Because the Texas one-year prescriptive period is invalid, appellant, relying on Cox, contends the Secretary should have determined whether a Texas court would have found paternity under Chapter 13 of the Texas Family Code.
 
 
 11
 In Cox, an illegitimate child sought survivor's benefits under the Social Security Act on the premise that the child could inherit from the wage earner under the Georgia intestacy laws. The child relied on a provision of the Georgia law allowing a child to inherit if the father obtained a court order of legitimation. The father had not obtained the court order and benefits were denied by the Secretary. We found the Georgia scheme unconstitutional because it did not provide an opportunity for the illegitimate child to seek a court determination of his paternity. Id. at 323-24. We then considered what relief we should afford the minor child. Turning to the record made before the ALJ, we found that the evidence sufficiently established paternity. We concluded that: "Had Georgia made available to the plaintiff and her illegitimate child in 1977 a procedure whereby they might have sought on their own an order of legitimation, it appears beyond a doubt that such order would have been issued directly." Id. at 323. We stated further:
 
 
 12
 Had the Georgia law in 1977 [been constitutional] there is every reason to believe that a court would have declared Michael the son of James Appling. And had this been done, Michael's application for survivor's benefits would never have been denied. The only reason for it not having been done being an unconstitutional one, we are bound to eradicate the constitutional flaw. Once eradicated, Michael's right to inherit and therefore his right to benefits, are beyond question.
 
 
 13
 Id. at 324.
 
 
 14
 We follow the path illuminated for us by Cox. At the time Chad applied for benefits, Texas law afforded him no opportunity to establish his paternity because of the unconstitutionally short Texas statute of limitations. Cox instructs us to next consider the evidence in the record made before the ALJ to predict what a Texas court would have ruled regarding Chad's paternity had he been afforded an opportunity to establish it. We find from the record that all the evidence supports the view that Chad was the biological child of Gary Sisk. Appellant testified that Gary Sisk was Chad's father. In an affidavit, Sisk's mother, Ester Sisk, stated that Sisk had told her that Vanessa had given birth to his son. Sisk's sister, Noreen Pevehouse, and a friend of Sisk, Opal Jones, stated in affidavits that Sisk had acknowledged to them that Chad was his child. Another of Sisk's sisters, Sharon Taylor, filed an affidavit stating that Sisk indicated Chad was his son. There is no evidence, and certainly not substantial evidence, that Sisk was not Chad's father.
 
 
 15
 Because the record will support no finding other than that Sisk was Chad's father, we conclude that Chad was eligible to inherit from Sisk under Texas intestacy laws and is therefore entitled to Social Security survivor's benefits. Accordingly, we reverse the judgment of the district court and remand this case to the Secretary with directions to pay survivor's benefits to appellant as required by the Social Security Act.
 
 
 16
 REVERSED AND REMANDED.
 
 
 
 [1]
 On May 13, 1988, Chad received a Texas Judgment of Heirship. The judgment was rendered pursuant to this amended version of the probate code based on the court's determination that Chad had established his paternity by clear and convincing evidence. Our disposition of this case makes it unnecessary for us to consider appellant's motion to supplement the record with this decree
 
 
 [2]
 Subsequent to Cox, the Secretary published a regulation directing the Secretary to look to the laws in effect at the time the insured worker died. 20 C.F.R. Sec. 404.354(b) (1988). That regulation has no effect on this case because Texas law on the point did not change between Sisk's death and Chad's application for benefits
 
 
 [3]
 The Texas legislature has recently expanded the rights of illegitimate children. In 1981, the legislature amended the Texas Family Code to provide a four-year statute of limitations for paternity actions and again in 1983 amended the code to allow such suits to be brought until two years after the child becomes an adult